# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATASHA MUELLER and
SCOTT MUELLER,

          Plaintiffs,

    -vs-                                                  Case No. 14-C-1369

APPLE LEISURE CORPORATION d/b/a
APPLE LEISURE GROUP, APPLE VACATIONS, LLC,
AM RESORTS, LLC, and AM RESORTS, LP,

          Defendants.

## DECISION AND ORDER

For their honeymoon, Natasha and Scott Mueller purchased an all-inclusive vacation from Apple Vacations to Secrets Resort in Punta Cana, Dominican Republic. Following the trip, Natasha experienced unexplained medical issues, including numbness, nausea, fatigue, and pain. Eventually, her doctors landed on the correct diagnosis: Ciguatera poisoning, "a foodborne illness caused by eating certain reef fish whose flesh is contaminated with a toxin made by dinoflagellates such as *Gambierdiscus toxicus* which live in tropical and subtropical waters."[1] The Muellers sued Apple for breach of warranty, negligence, and medical care insurance benefits. Apple moves to dismiss on a variety of grounds. This motion is

---

[1] https://en.wikipedia.org/wiki/Ciguatera.

granted.

Apple relies on a forum-selection clause which provides that the "exclusive forum for the litigation of any claim or dispute arising out of or in any way relating to these terms and conditions or to any injury, damage, incident or event occurring during the course of your trip shall be the *Court of Common Pleas of Delaware County, Pennsylvania*." This clause was included in a one-page document appended to the Muellers' travel vouchers entitled "Advice to International Passengers on Limitation of Liability." It was also included in a one-page document entitled "Fair Trade Contract." This latter document is "part of every vacation package compiled by Apple Vacations and made available to travel agents. It is the travel agent's responsibility to ensure that [it] is provided to every customer who purchases a vacation package compiled by Apple Vacations and sold by a travel agent." Affidavit of Julia Davidson, Exhibits A and B.

Apple invokes Federal Rule of Civil Procedure 12(b)(3), which governs motions to dismiss for "improper venue." *See also* 28 U.S.C. § 406(a) (discussing procedure for improperly-venued cases). However, a forum-selection clause "does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), …" *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568,

579 (2013). Instead, the appropriate way to enforce a forum-selection clause is through the doctrine of *forum non conveniens*.

Apple argues that a Rule 12(b)(3) motion is the correct procedure because venue *is* improper in this judicial district. *See* 28 U.S.C. § 1391. However, in *Atl. Marine*, the Court repeatedly rejected the argument that "[a forum-selection] clause may be enforced by a motion to dismiss under []§ 1406(a) or Rule 12(b)(3) …." 134 S. Ct. at 575. Neither the rule nor the statute applies in this context. *See also id.* at 580 ("Even if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, *that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause* and that [28 U.S.C.] § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms") (emphasis added).

*Forum non conveniens* is codified at § 1404(a), which allows a federal district court to transfer a civil action to "any other district or division where it might have been brought or to any district or division to which all parties have consented." Where, as here, the clause points to a nonfederal forum, courts apply the residual *forum non conveniens* doctrine instead of § 1404(a). The only difference is procedural; instead of a direct transfer to another court in the federal system, the case is dismissed and (presumably)

- 3 -

re-filed in the correct forum. "[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine* at 580.

Ultimately, and "in all but the most exceptional cases," this analysis results in the forum-selection clause being enforced. *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. *In all but the most unusual cases*, therefore, 'the interest of justice' is served by holding parties to their bargain.

*Id.* at 583 (emphasis added). This is not an unusual or exceptional case. The Muellers assert that it is "extremely unlikely" that a forum selection clause in an attachment to a consumer contract is enforceable. Yet in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), the Court held that "even a forum selection clause in a commercial passage contract – that is, a ticket for a cruise — was enforceable." *Muzumdar v. Wellness Int'l*

- 4 -

*Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). The context of the Muellers' transaction — purchasing a vacation package through a travel agent — is materially indistinguishable. Absent "fraud, undue influence, or overweening bargaining power," the clause must be enforced. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).

Moreover, when parties "agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine* at 582. As a result, the Court can only consider arguments about public-interest factors. *Id.* Aside from obliquely referring to the clause as likely unenforceable, the Muellers did not pursue this or any other line of argument. Instead, the Muellers faulted Apple for raising the forum-selection issue under the wrong rule/statute, as discussed above, and left it at that. This was a mistake, especially because the Muellers bear the burden of "establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581. In any event, this is not an "unusual case" that justifies refusal to transfer "notwithstanding the counterweight of a forum-selection clause." *Id.* at 582 (quoting *Stewart*, 487 U.S. at 30-31). For example, one public interest factor is "the interest in having the trial of a diversity case in a forum that is at home with the law

that must govern the action." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). But when a transfer stems from enforcement of a forum-selection clause, the court in the "contractually selected venue should *not* apply the law of the transferor venue to which the parties waived their right." *Atl. Marine* at 583 (emphasis added). Since Wisconsin law will not follow this case to Pennsylvania, the public interest does not favor its retention.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Apple's motion to dismiss [ECF No. 29], construed as a *forum non conveniens* motion, is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**